MOSES TAGGART, ATTORNEY GENERAL, EX REL. THOMAS
JACKSON, V. WILLIAM V. JAMES.

*Quo warranto—Information—Office of superintendent of the poor—
Authority of Attorney General.*

1. It is entirely proper for the Attorney General to file an informa-
   tion, on the relation of a citizen and tax-payer of a county, to
   ascertain by what authority the respondent holds and exercises
   the office of superintendent of the poor of said county.

2. There is no question but that there is such an office as superin-
   tendent of the poor in every county in this State, and that the
   office is coeval with our existence as a State.

3. An information filed to ascertain by what authority a respond-
   ent assumes to exercise the office of superintendent of the
   poor, which charges that the respondent holds, uses, and exer-
   cises said office, and has done so for six months last past,
   without any legal election, appointment, warrant, or authority
   whatsoever, and has usurped, intruded into, and exercised the
   said office, and still does so usurp, intrude into, and unlawfully
   exercise the same, sufficiently charges intrusion into and
   usurpation of the office to sustain the suit.

Information in the nature of a *quo warranto* to test the
title of respondent to the office of superintendent of the
poor for Wayne county. Respondent demurs to informa-
tion. Argued October 30, 1888. Decided January 11,
1889. Demurrer overruled. The facts are stated in the
opinion.

*Edwin F. Conely* (*George H. Prentis* and *William P.
Wells,* of counsel), for relator.

*F. A. Baker,* for respondent.

SHERWOOD, C. J. The information in this case is filed
by the Attorney General to ascertain by what authority
the respondent holds and exercises the office of superin-

tendent of the poor for the county of Wayne. The information charges that the respondent does hold, use, and exercise said office, and has done so for six months last past, without any legal election, appointment, warrant, or authority whatsoever, and has usurped, intruded into, and exercised the said office, and still does so usurp and intrude into and unlawfully exercise the same, in contempt of the people of the State, and to their damage and prejudice. The information is filed upon the relation of Thomas Jackson, who is a resident freeholder and taxpayer in the said county.

Respondent demurred to the information, and assigns as grounds therefor the following:

" 1. There is no such office as 'superintendent of the poor for the county of Wayne,' a single superintendent of the poor having no official power or function or authority whatever.

" 2. There are three superintendents of the poor within and for the county of Wayne, who are appointed by the board of county auditors, and whose official terms respectively expire on the 31st day of December, 1888, the 31st day of December, 1889, and the 31st day of December, 1890; and the said information does not indicate which one of said offices this defendant has usurped, intruded into, and unlawfully holds and exercises.

" 3. The said information does not allege which office of superintendent of the poor of the county of Wayne this defendant has usurped, intruded into, and unlawfully holds and exercises.

" 4. The said information does not allege that this defendant has exercised, and is still exercising, the powers or functions, or performing the duties, of an office that has no legal existence, but simply alleges the usurpation of one of the number of legally existing offices, without indicating which one.

" 5. It does not appear that the relator, Thomas Jackson, has any interest in the matters alleged, and the information is improperly filed on his relation in a case

where the Attorney General should prosecute on his own relation or not at all."

We think the information is properly filed by the Attorney General, and in his name, and the prosecution is, in fact, in behalf of the people; and such is the effect of the statements contained in the information, and it was entirely proper that Mr. Jackson should become relator in the case. He was a citizen and tax-payer in the county, and was interested in knowing that the proper officers made disposition of the funds he contributed for the support and maintenance of the poor in his county. Such person always has the right to inform the Attorney General of the situation of his own and the people's interests, that the proper officer may bring the information. In no sense is the Attorney General acting in such case for a private party. The statement in the information is that "he sues for the people of said State, in this behalf," and he asks for due process in their behalf.

There is no question but that there is such an office as the superintendent of the poor in the county of Wayne, and every other county in the State, and that the office is coeval with our existence as a State; and it is sufficiently stated in the information that respondent is now exercising the office without any authority whatever, and this is a sufficient charge of intrusion in the office and usurpation of the office to sustain the suit. We think the 1st, 2d, and 3d points made are too technical to receive meritorious consideration.

The allegation in the information at which the fourth point in the demurrer is aimed is not subject to the infirmity claimed. A reference to the statute, if anything further were needed, should be sufficient, we think, to settle the question, and we forbear further discussion of the subject. How. Stat. § 8635.

The demurrer should be overruled, and the respondent have leave to plead to the information within 20 days, but must pay the costs of the demurrer.

The other Justices concurred.